UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RASHEED DARNELL SHELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:16-CV-110-PLR-MCLC |
| | ) |
| JONATHAN BARTLETT, SHARON ROSE, C/O TIDWELL, C/O BEASLEY, SHELIA AGNEW, MS. JOHNSON, KRISTI PARKER, EVELYN BINKLEY, JEFFERY PERKINS, JOHN DOES, and JANE DOES, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM and ORDER**

Acting pro se, Rasheed Darnell Shelton, an inmate housed in the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, brings this civil rights action for monetary and injunctive relief under 42 U.S.C. § 1983 [Doc. 2]. Plaintiff has not tendered the full filing fee; instead, he has applied for leave to proceed *in forma pauperis*, submitting a certified copy of his inmate trust account for the previous six-month period in support of his application [Docs. 1, 4].

Because Plaintiff is an inmate in the WTSP, he is **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to Derrick D. Schofield, Commissioner of the Tennessee Department of Correction, and to the custodian of Plaintiff's inmate trust account at the WTSP to ensure institutional compliance with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

Plaintiff claims, in his complaint, that the officers and staff in the WTSP "Super Max" unit have told inmates that Plaintiff is a "snitch" and that he is imprisoned on rape charges and that they have suggested to the other inmates that Plaintiff should be raped and killed [Doc. 2. p.4]. Plaintiff further claims that the officers have given inmates the telephone numbers and addresses of Plaintiff's family members so that his relatives can be harmed; that they have left the cell doors of other inmates unsecured and have laughed about so doing; and that they have talked about leaving Plaintiff's cell door unlocked so that he can be harmed [*Id.*]. Plaintiff maintains that the inmates have warned the correctional officers that, unless Plaintiff is taken to protective custody, they will rape and kill him [*Id.*]

Plaintiff alleges that the correctional officers, in response to the inmates' warnings, comment that Plaintiff "will be all right" and that Plaintiff "got beef with the whole pod, where he gone go, what he gone do, everybody wants to kill him" [*Id.*]. The correctional officers also state, according to Plaintiff, that they want to see Plaintiff "get touched more than anybody

here" [*Id.*]. Plaintiff additionally contends that the correctional officers have given his legal mail to those other inmates [*Id.*].

Plaintiff asserts that, based on the above allegations, his life and the lives of his family members are in imminent danger [*Id.* p. 3-4]. Plaintiff asks for six million dollars ($6,000,000) in damages and for a release or a transfer back to the county jail where he was housed prior to his assignment to the WTSP Super Max unit [*Id.* at 5].

The general venue statute for federal district courts provides, in relevant part, as follows:

> A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391(b)(1)-(3).

A federal district court may transfer a civil action to any district or division where it could have been filed originally. 28 U.S.C. § 1404(a).

The WTSP is located in Henning, Tennessee, which is situated in Lauderdale County, Tennessee, which, in turn, lies within the Western District. 28 U.S.C. § 123(c)(2). Defendants, according to the complaint, are all officials and correctional officers employed at the WTSP. The events out of which Plaintiff's claims arose occurred in the WTSP. The Court therefore concludes that this case more properly belongs in the United States District Court for the Western District of Tennessee, at Memphis. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (per curiam) (finding that venue in a suit against a public official lies in the district where he performs his official duties).

Since the Court is authorized to transfer a case such as this to another District "in the interest of justice," 28 U.S.C. § 1406(a), in view of the foregoing, the Court hereby orders that this action be transferred to the United States District Court for the Western District of Tennessee at Memphis.

**IT IS SO ORDERED**.

_____
**UNITED STATES DISTRICT JUDGE**