# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| **RASHEED DARNELL SHELTON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2385-STA-egb |
| | ) | |
| **SGT. JONATHAN BARTLETT,** | ) | |
| **SHARON ROSE, CO TIDWELL,** | ) | |
| **CO BEASLEY, SHEILA AGNEW,** | ) | |
| **CO JOHNSON, KRISTI PARKER,** | ) | |
| **EVELYN BINKLEY,** | ) | |
| **SGT. JEFFREY PERKINS, JOHN DOES,** | ) | |
| **and JANE DOES,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DISMISSING CLAIMS AND GRANTING LEAVE AMEND

On May 5, 2016, Plaintiff Rasheed Darnell Shelton, an inmate at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. On May 23, 2016, Shelton provided additional documentation for his motion to proceed *in forma pauperis*. On June 2, 2016, the United States District Court for the Eastern District of Tennessee granted Shelton leave to proceed *in forma pauperis*, assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), and transferred this matter to the United States District Court for the Western District of Tennessee at Memphis. The Clerk shall record the Defendants as Sergeant Johnathan Bartlett, Unit 6 Manager Sharon Rose, C/O First

Name Unknown ("FNU") Tidwell, C/O FNU Beasley, IRC Shelia Agnew, C/O Ms. FNU Johnson, IRC Kristi Parker, Case Manager Evelyn Binkley, and Sergeant Jeffery Perkins.[1]

## BACKGROUND

Shelton alleges that Defendants have put his life and the lives of his family members in imminent danger because "these officers and staff in the unit" have given inmates Shelton's family members' phone numbers and addresses as well as told other inmates that Shelton is a snitch and in prison for rape charges. (Compl. at 3-4.) Shelton further contends that "they" tell inmates that Shelton should be raped and killed. (*Id.* at 2.) Defendants have also given inmates Shelton's legal mail. (*Id.*) Defendants have laughed about leaving the door to Shelton's cell as well as the doors of other inmates' cells unsecured so other inmates can harm Shelton. (*Id.*) Shelton fears that other inmates will rape him or kill him if he is not put in protective custody. (*Id.*) Shelton seeks $6 million in damages or a transfer back to the county jail from which he came. (*Id.* at 5.)

## SCREENING STANDARD

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)    is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)    seeks monetary relief from a defendant who is immune from such relief.

---

[1] The Complaint purports to sue "John and Jane Doe" defendants. Service of process cannot be made on a fictitious party. The filing of a complaint against a "John Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). The Clerk is directed to terminate the reference to the John Doe and Jane Doe defendants on the docket.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the pleadings standards under Federal Rule of Civil Procedure 12(b)(6), announced in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept

3

> "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612-13 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

**I. Section 1983**

Shelton filed his Complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Court holds that the Complaint fails to state a claim for relief. First, Shelton's pleadings contain no specific, factual allegations against any Defendant. The gravamen of the Complaint is that Defendants have failed to protect him from other inmates. However, Shelton has essentially alleged that Defendants have acted collectively. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The Complaint would be subject to dismissal for this reason alone.

Shelton's claim regarding the failure to place him in protective custody and thereby protect him from potential assault arises under the Eighth Amendment, which prohibits cruel and unusual punishments. *See Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the deprivation be "sufficiently serious." *Id*. To satisfy the objective component of an Eighth Amendment claim, a prisoner must show that he "is

incarcerated under conditions posing a substantial risk of serious harm," *id.*, or that he has been deprived of the "minimal civilized measure of life's necessities," *Wilson*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "The Supreme Court has held that 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" *Bishop v. Hackel,* 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer,* 511 U.S. at 834).

To establish the subjective component of an Eighth Amendment violation, a prisoner must demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. The plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 303. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. Thus,

> *[a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*. This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. . . . But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

*Id.* at 837-38 (emphasis added; citations omitted); *see also Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) ("If the officers failed to act in the face of an obvious risk of

6

which they should have known but did not, then they did not violate the Fourteenth Amendment."). The subjective component must be evaluated for each defendant individually. *Bishop*, 636 F.3d at 767, 768 ("[W]e must focus on whether each individual Deputy had the personal involvement necessary to permit a finding of subjective knowledge.").

Applying these principles to this case, the Court holds that Shelton's allegations do not sufficiently state a claim for failure to protect against any of the Defendants. Shelton's allegations are against a general "they" with no specific allegations against any named defendant. Additionally, Shelton alleges a general threat of harm with no specific indication that any real harm will occur. Thus, Shelton fails to meet the objective and subjective component of an Eighth Amendment allegation. Additionally, Shelton does not allege that he has suffered any physical injury to his health, thereby making the Complaint subject to dismissal under 42 U.S.C. § 1997e(e). That paragraph provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." Therefore, the Complaint as alleged fails to state a claim for relief.

With regard to Shelton's request to transfer him out of WTSP, the Court does not have the authority to supervise classification and assignment of inmates. An inmate does not have a protected right to be assigned to a particular prison, security classification, or housing assignment. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976); *see also Sandin v. Conner*, 515 U.S. 472, 484-87 (1995) (confinement in particular part of prison or jail does not implicate due process absent "atypical and significant hardship" "in relation to the ordinary incidents of prison life"). As such, Shelton's request for a transfer must be **DISMISSED**.

**II. Leave to Amend**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In this case, the Court cannot conclude that any amendment to Shelton's complaint would be futile as a matter of law. Therefore, the Court will grant Shelton an opportunity to amend his pleadings.

## CONCLUSION

The Court **DISMISSES** the Complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). However, leave to amend is **GRANTED**. Any amendment must be filed within thirty (30) days of the date of entry of this order. Shelton is advised that an amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. The text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint or the first amended complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Shelton fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

Shelton is reminded that he must promptly notify the Clerk, in writing, of any change of address or extended absence.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  July 20, 2017.